**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARY ALDUGOM

            Plaintiff,

v.

APPLE INC.,

            Defendant.

No. 24-cv-05378
Judge Franklin U. Valderrama

### ORDER

Plaintiff Mary Aldugom (Aldugom) sued Defendant Apple Inc. (Apple) after an associate at an Apple Genius Bar[1] allegedly deleted files stored on her laptop, despite her instructions to the associate not to access or alter certain files. R. 12, Am. Compl.[2] Aldugom, even with the assistance of Apple technicians, was never able to recover the lost data. Compl. ¶ 45. Aldugom asserts a claim for breach of contract. *See generally*, Am. Compl.

Before the Court is Apple's motion to dismiss under Fed. R. Civ. P. 12(b)(6). R. 13, Mot. Dismiss. Upon receiving the motion, the Court set a briefing schedule directing Aldugom to file a response by May 27, 2025, and Apple to reply by June 10, 2025. *See* R. 14. Aldugom, though she was granted an extension of time to file her response, R. 16, did not actually file a response, failing to comply with the Court's scheduling order. *Id*. No matter, however, as "Rule 12(b)(6) prevents courts from granting unopposed motions solely because there is no response," *Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021), and the burden remains on Apple "to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). Put another way, the Court's obligation to determine the sufficiency of Aldugom's Complaint remains, despite her failure to respond. *Id*. And for the reasons that follow, the Court grants Apple's motion to dismiss.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*, 570 F.3d

---

[1]The alleged incident took place on September 22, 2021, at the Apple Store Genius Bar located at 801 W. North Ave. Chicago, Il. Am. Compl. ¶ 1.

[2]Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79. The Court accepts all well-pleaded factual allegations in the Complaint as true. *Zahn v. N. Am. Power & Gas, LLC,* 815 F.3d 1082, 1087 (7th Cir. 2016).

Apple advances two arguments for dismissal of the complaint. Apple first argues that Aldugom fails to state a claim for breach of contract, and second, that Aldugom's warranty with Apple precludes her claim. *See generally* Mot. Dismiss. For the reasons stated below, the Court agrees that Aldugom has failed to state a claim for breach of contract.

To state a claim for breach of contract under Illinois law[3], "a plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. Only a duty imposed by the terms of a contract can give rise to a breach." *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007) (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (2004)). A valid, enforceable contract requires an offer, acceptance, and consideration. *Yash Venture Holdings, LLC v. Moca Fin., Inc.*, 116 F.4th 651, 657 (7th Cir. 2024), *reh'g denied*, No. 23-3200, 2024 WL 4257157 (7th Cir. Sept. 20, 2024) (citation omitted). Further, if "the alleged contract is based upon oral assurances, the plaintiff must establish that the offer was 'clear and definite' and supported by adequate consideration." *Taylor v.*

---

[3]A federal court sitting in diversity applies the choice-of-law rules of the forum state. *Paulsen v. Abbott Lab'ys*, 39 F.4th 473, 476 (7th Cir. 2022) (citation omitted). Illinois applies the "most significant contacts" test under the Restatement (Second) of Conflicts § 188 (1971) in deciding choice-of-law disputes with respect to breach of contract claims. *Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004) (citation omitted). Under this test, the court considers "the place of contracting, negotiation, performance, location of the subject matter of the contract, and the domicil[e], residen[ce], place of incorporation, and business of the parties." *Id.* (citation omitted) (alteration in original). Here, the alleged oral contract was made in Illinois, at least one party was an Illinois resident, the laptop at issue was located in Illinois, and the place of performance in Illinois. Importantly, Apple applies Illinois law, which Aldugom does not dispute. Accordingly, the Court applies Illinois law to Aldugom's breach of contract claim.

*Canteen Corp.*, 69 F.3d 773, 782 (7th Cir. 1995) (citing *Kercher v. Forms Corp. of Am., Inc.*, 630 N.E.2d 978, 981 (1994)).

Apple asserts that Aldugom has not alleged (1) the terms of any oral or written contract, (2) Apple's breach of those terms, (3) her own performance under any alleged contract, or (4) any consideration given under the contract. Mot. Dismiss at 8–10. Recall that Aldugom did not respond and therefore waives any response. *See In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 (7th Cir. 2016) ("An argument not responded to is ordinarily deemed waived.").

As to the existence of a contract, Aldugom appears to rely in part on an oral contract between her and Apple, which was allegedly created at the Genius bar. Aldugom alleges she contracted with Apple "to assist with increasing storage for Plaintiff's Apple Laptop," but Apple, "through its employees failed to complete the agreed upon and contracted for work and instead deleted and destroyed a significant amount of Plaintiff's data and information." Am. Compl. ¶¶ 49, 51. Aldugom alleges that she went to the Genius bar to inquire about increasing storage for her laptop, that the Genius bar employee indicated something might be wrong with the laptop, and that Aldugom gave the employee permission to examine the issue with "clear instructions that certain files should not be accessed or altered in any way." Am. Compl. ¶¶ 14–16. "Then, without authorization, [the employee] began deleting individual applications," and "disconnected Plaintiff's iMessages." *Id.* ¶ 24.

Apple is correct that, taking the allegations in the light most favorable to Aldugom, Aldugom has failed to allege the terms of an oral contract. Further, she does not allege her own substantial performance under the alleged oral contract. *See Roe v. Nano Gas Techs., Inc.*, 2021 WL 1906466, at *1 (N.D. Ill. May 12, 2021) (dismissing breach of contract claim because plaintiff failed to allege his own substantial performance of his contractual obligations).

Aldugom also alleges that the "services and applications installed on her laptop were covered by the Warranty that [Apple] extends to its customers relating to its products and services." *Id.* ¶ 50. She does not, however, allege any of the terms of this agreement, or how Apple's conduct breached this agreement. Apple points the Court to what it believes to be the warranty to which she refers in its motion to dismiss.[4] Mot. Dismiss at 3 (citing Terms and Conditions for AppleCare+ for Mac, available at https://www.apple.com/legal/salessupport/applecare/appmacnaen.html) (Warranty). That Warranty, however, specifically disclaims any guarantee of repair "without risk to or loss of programs or data," warns that "during warranty service it is possible that

---

[4]To the extent this is the warranty that Aldugom refers to in her Amended Complaint, the Court can consider it under the incorporation by reference doctrine, because it is referenced in the Amended Complaint and central to her claim. *See In re Harley-Davidson Aftermarket Parts Mktg., Sales Pracs. & Antitrust Litig.*, 151 F.4th 922, 926 (7th Cir. 2025). The Court does not, and need not, consider it for any other purpose.

the contents of the Apple product's storage media will be lost," and in that event, "Apple and its agents are not responsible for any loss of . . . data or other information." Mot. Dismiss at 3–5. In other words, to the extent Aldugom relies on this Warranty for her breach of contract claim, the Warranty disclaims any liability stemming from Aldugom's alleged incident.

Ultimately, taking the allegations in the light most favorable to Aldugom, because Aldugom's Complaint alleges neither the existence of a valid oral contract, including her own performance, nor a breach of any written contract between her and Apple, Aldugom has failed to state a claim for breach of contract.

For the foregoing reason, the Court grants Apple's motion to dismiss and dismisses Aldugom's Amended Complaint with prejudice. While the Court is mindful of the admonition from the Seventh Circuit that district courts should allow a litigant, at least one opportunity to amend before dismissing the complaint with prejudice under Rule 12(b)(6), *Tate v. SCR Medical Transp.*, 809 F.3d 343, 346 (2015), Aldugom has already had an opportunity to amend her complaint. *See* R. 11, Order. Accordingly, the Court grants the motion to dismiss, R. 13, and dismisses the claims against Apple with prejudice.

Date: 3/9/2026

_____
United States District Judge
Franklin U. Valderrama

4